UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
SPENCER D.B.,

                        Plaintiff,          <u>DECISION AND ORDER</u>
                                              1:23-cv-08425-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In December of 2020, Plaintiff Spencer D.B.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Dennis Kenny Law, Josephine Gottesman, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

This case was referred to the undersigned on October 8, 2024. Presently pending is Plaintiff's Motion for Remand, which the Court will construe as a motion for judgment on the pleadings pursuant to Rule 12 (c)

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

of the Federal Rules of Civil Procedure.[2] (Docket No. 18). For the following

reasons, Plaintiff's motion is due to be denied, the Commissioner is granted

judgment on the pleadings, and this case is dismissed.

## I.  BACKGROUND

### A.  *Administrative Proceedings*

Plaintiff applied for benefits on December 21, 2020, alleging disability

beginning November 5, 2019.[3] (T at 10).[4]  Plaintiff's application was denied

initially and on reconsideration.  He requested a hearing before an

Administrative Law Judge ("ALJ").  A hearing was held on May 16, 2022,

before ALJ Kieran McCormack. (T at 37-78). Plaintiff appeared with an

attorney and testified. The ALJ also received testimony from Whitney Eng,

a vocational expert. (T at 46-75).

### B.  *ALJ's Decision*

On June 6, 2022, the ALJ issued a decision denying the application

for benefits. (T at 7-31).  The ALJ found that Plaintiff had not engaged in

substantial gainful activity since February 4, 2021 (the amended alleged

---

[2] Even though Plaintiff named his filing as a motion for remand, the Court will consider the filing as Plaintiff's brief in support of his request for review of a Social Security decision under 42 U.S.C. § 405(g).

[3] Plaintiff later amended the alleged onset date to February 4, 2021. (T at 10).

[4] Citations to "T" refer to the administrative record transcript at Docket No. 17.

onset date) and met the insured status requirements of the Social Security Act through June 30, 2023 (the date last insured). (T at 13).

The ALJ concluded that Plaintiff's degenerative changes of the lumbar spine, cervical spondylosis, chronic pain syndrome, degenerative changes of the right shoulder, degenerative changes of the left shoulder, seizures, major depressive disorder, anxiety disorder, bipolar disorder, post-traumatic stress disorder (PTSD), marijuana use disorder, and opiate use disorder were severe impairments as defined under the Act. (T at 13).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 14).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can climb ladders, ropes, or scaffolds; he can bend, stoop, kneel, and squat on an occasional basis; he can reach overhead with both arms on a frequent basis; and can work at jobs that do not require the operation of motor vehicles or heavy machinery. (T at 17).

The ALJ also found that Plaintiff can work at jobs that do not involve concentrated exposure to unprotected heights, unprotected machinery,

and/or machinery with moving mechanical parts and can work at low stress jobs, defined as jobs containing no more than simple, routine, and repetitive tasks, involving only simple work-related decisions, with no more than occasional workplace changes. (T at 17).

The ALJ concluded that Plaintiff could not perform his past relevant work as a machine operator or lumber handler. (T at 24).

However, considering Plaintiff's age (50 on the amended alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 25).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between February 4, 2021 (the amended alleged onset date) and June 6, 2022 (the date of the ALJ's decision). (T at 26).

On July 27, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.    *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on September 25, 2023. (Docket No. 1).  On April 26, 2024,

Plaintiff filed a motion for remand, supported by a memorandum of law. (Docket Nos. 18, 19).  The Commissioner interposed a brief on June 26, 2024, in opposition to the motion and in support of a request for judgment on the pleadings. (Docket No. 20).  On July 30, 2024, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 23).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises three main arguments. First, Plaintiff contends that the RFC determination is not supported by substantial evidence. Second, Plaintiff argues that the ALJ failed to adequately develop the record. Third, Plaintiff challenges the step five analysis. This Court will address each argument in turn.

### A.    RFC

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis." *Melville*, 198 F.3d at 52 (quoting SSR 96-8p). When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and decide based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, Plaintiff challenges the ALJ's assessment of his ability to meet the physical and mental demands of basic work activity.

### 1. Physical Limitations

As noted above, the ALJ determined that Plaintiff retained the RFC to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: he can climb ladders, ropes, or scaffolds; he can bend, stoop, kneel, and squat on an occasional basis; he can reach overhead with both arms on a frequent basis; and can work at jobs that do not require the operation of motor vehicles or heavy machinery. (T at 17). The ALJ also found that Plaintiff cannot have concentrated exposure to unprotected heights, unprotected machinery, and/or machinery with moving mechanical parts. (T at 17).

For the following reasons the Court concludes that the ALJ's assessment is supported by substantial evidence.

First, the ALJ reasonably read the record as consistent with the ability to perform a reduced range of light work.  Imaging of Plaintiff's brain and head was unremarkable. (T at 18, 403-04, 412).  Imaging studies revealed unremarkable left shoulder findings, with mild degenerative changes in the AC joint of the right shoulder. (T at 19, 509).

Clinical examinations showed intact neurological, sensory, and motor functioning; normal cognition; normal strength, tone, and bulk, normal sensory examination; and normal gait and reflexes. (T at 18-20, 414, 494,

498, 545, 863, 1157-58).  Although the record documented hospitalizations for seizures, at the time of the administrative hearing, Plaintiff had not had a seizure requiring hospitalization in nearly a year, when he began taking a higher dose of seizure medication. (T at 18-19, 59-60, 621).

Second, the ALJ's assessment is supported by medical opinion evidence.

Dr. Kautilya Puri performed a consultative examination in March of 2021.  Dr. Puri diagnosed multiple joint pain secondary to degenerative joint disease; history of high blood pressure; seizures (generalized, by history); status post-cervical neck surgery; and substance abuse. (T at 430).  Dr. Puri opined that Plaintiff had a mild limitation with overhead reaching; moderate limitation with respect to squatting, bending, stooping, kneeling, and lifting weights; mild limitations as to gait and activities of daily living; should not work from heights or with heavy machinery; and should not be allowed to drive. (T at 430).

Dr. J. Sharif-Najafi, a non-examining State Agency review physician, opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, sit for six hours in an eight-hour workday, stand and/or walk for six hours in an eight-hour workday, and should avoid concentrated exposure to machinery and heights. (T at 103-05). Dr. S. Siddiqui, another

State Agency review physician, generally adopted Dr. Sharif-Najafi's findings. (T at 125-27).

Courts in this Circuit have found assessments even more restrictive than these consistent with the capacity to perform a range of light work. *See Jordan v. Comm'r of Soc. Sec*., No. 16-CV-9634 (KHP), 2018 WL 1388527, at *10 (S.D.N.Y. Mar. 19, 2018)("[A] number of courts have found that 'moderate' limitations for standing, walking, sitting, and lifting are consistent with the ability to do light work.")(collecting cases); *see also Guzman v. Comm'r of Soc. Sec*., No. 21-CV-6538 (KHP), 2022 WL 3013108, at *6 (S.D.N.Y. July 29, 2022); *Katherine R. v. Comm'r of Soc. Sec*., No. 1:20-CV-01055-MJR, 2021 WL 5596416, at *5 (W.D.N.Y. Nov. 30, 2021)("[C]ourts within this Circuit have consistently held that mild and moderate limitations … are consistent with an RFC for light work.").

Here, the ALJ found the opinions consistent with, and supported by, the record and considered them generally persuasive. (T at 21-22).  The ALJ did not accept the State Agency physicians' conclusion that Plaintiff had no postural or reaching limitations, but found that the record, including Dr. Puri's assessment, evidenced that Plaintiff was limited to occasional bending, stooping, kneeling, and squatting and frequent overhead reaching. (T at 21-22).

11

Plaintiff offers an alternative reading of the record, pointing to reports of seizures, pain, and limitation in activities of daily living.

The Court finds, however, that for the reasons discussed above the ALJ's decision is supported by substantial evidence, including a reasonable reading of the clinical and treatment record, as well as medical opinion evidence. The decision, therefore, must be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

## 2. Mental Limitations

The ALJ found that Plaintiff retained the RFC to meet the mental demands of low stress jobs, defined as jobs containing no more than simple, routine, and repetitive tasks, involving only simple work-related decisions, with no more than occasional workplace changes. (T at 17).

The ALJ's assessment is supported by substantial evidence.

First, the ALJ reasonably read the record as including numerous unremarkable mental status examination findings, including normal cognitive functioning, appropriate mood and affect, and generally appropriate judgment and insight. (T at 20-21, 414, 422-23, 443, 517, 522, 550, 847, 862).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations and to sustain the conclusion that the claimant can perform a reduced range of work. *See, e.g., Knief v. Comm'r of Soc. Sec*., No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec*., No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status

examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Second, the ALJ's RFC determination is supported by appropriate consideration of Plaintiff's activities of daily living, which included performing household chores, preparing meals, attending to personal hygiene and grooming, and managing money. (T at 20, 423-24).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount allegations and assessments of disabling mental impairment where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

Third, the ALJ's decision is supported by medical opinion evidence.

Dr. Alison Murphy performed a consultative psychiatric evaluation in March of 2021. Dr. Murphy opined that Plaintiff had no limitation understanding, remembering, or applying simple and complex directions and moderate impairment with respect to using reason and judgment to make work-related decisions; interacting adequately with supervisors,

coworkers, and the public; sustaining an ordinary routine and regular attendance at work; and regulating emotions, controlling behavior, and maintaining well-being. (T at 424).

Dr. M. Momot-Baker and Dr. C. Walker, the non-examining State Agency review physicians, assessed no limitation in Plaintiff's ability to understand, remember, and carry out detailed work procedures with an adequate level of persistence and pace; relate to others in basic work interactions; adapt to changes in a routine work setting; and use appropriate judgment to make work-related decisions; mild limitation in Plaintiff's ability to interact with others; and moderate impairment with respect to understanding, remembering, or applying information, sustaining concentration, and adapting to changes in the work setting. (T at 105-09, 127-31).

The ALJ found Dr. Murphy's opinion "somewhat" persuasive, concluding that Plaintiff did not have any limitation with respect to social interaction, but was limited as to understanding, remembering, and carrying out complex directions. (T at 21-22). The ALJ found the State Agency review physicians' opinions generally persuasive, although, as with Dr. Murphy, the ALJ concluded that Plaintiff was limited with respect to

understanding, remembering, and carrying out complex directions. (T at 23).

Plaintiff challenges the ALJ's assessment of the medical opinion evidence, arguing that greater persuasive weight should have been assigned to the opinion of his treating physician's assistant, Christa Alberg.

In September of 2021, PA Alberg completed a mental impairment questionnaire, in which she opined that Plaintiff had no useful ability to function and/or was unable to meet competitive standards with respect to essentially all the mental abilities and aptitudes needed to perform unskilled work. (T at 676).

The ALJ found PA Alberg's opinion unpersuasive. (T at 22). The Court finds the ALJ's assessment supported by substantial evidence and consistent with applicable law.

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their

persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

17

Here, the ALJ reasonably found PA Alberg's opinion inconsistent with the record, which (as noted above), contained clinical findings and reports of activities of daily living not consistent with the extreme limitations she assessed.  (T at 22).  In addition, PA Alberg's extreme opinion is contradicted by the other medical opinion evidence of record, *i.e.*, the assessments of Dr. Murphy, Dr. Momot-Baker, and Dr. Walker. (T at 22).

Lastly, the ALJ appropriately noted that PA Alberg's opinion was not supported by clinical findings, such as the results of mental status examinations. (T at 22).

These were all sufficient reasons for the ALJ to discount the extreme limitations assessed by PA Alberg.  *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination

findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Notably, the ALJ did not disregard the evidence of limitation in Plaintiff's mental functioning.  Instead, the ALJ found Plaintiff limited to simple, routine, repetitive work in a low stress environment. (T at 17).  This is sufficient to account for the mild and moderate limitations established by the record. *See Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases); *see also Campos v. Saul*, No. 18CV9809 (DF), 2020 WL 1285113, at *23 (S.D.N.Y. Mar. 18, 2020); *Stonick v. Saul*, No. 3:19-CV-01334 (TOF), 2020 WL 6129339, at *13 (D. Conn. Oct. 19, 2020).

### B.    Duty to Develop the Record

Social Security proceedings are non-adversarial and the ALJ is obliged "to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) (citation omitted). This obligation applies even if

the claimant is represented by counsel. *See, e.g., Rosa v. Callahan*, 168

F.3d 72, 79 (2d Cir. 1999)(citing *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir.

1996)). The ALJ's duty to develop the record has been described as a

"bedrock principle of Social Security law." *Batista v. Barnhart*, 326

F.Supp.2d 345, 353 (E.D.N.Y.2004)(citing *Brown v. Apfel*, 174 F.3d 59 (2d

Cir.1999)).

Plaintiff argues that the ALJ failed to adequately develop the record

by failing to seek additional evidence and information regarding his mouth

cancer, vision, and medication side effects.  The Court disagrees.

As a threshold matter, an ALJ may satisfy the duty to develop the

record by relying on representations from claimant's counsel that the record

is complete.

In *Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005), the panel

affirmed the denial of benefits even though the ALJ did not contact or

obtain records from the treating physician.  In addition to holding the record

open to allow claimant's counsel to obtain the records, the ALJ contacted

counsel to follow-up on the status of his efforts and counsel responded that

the claimant had "nothing further to add to the record." *Id.*  Likewise, in *Frye*

*v. Astrue*, 485 Fed. App'x 484, 488 n.2 (2d Cir. 2012), the panel found the

record "fully developed" where the ALJ held the record open "so that

counsel could submit additional evidence, contacted counsel when no further evidence was received, and, at counsel's request, granted an extension of time to obtain evidence." *Id.*

Here, Plaintiff's counsel represented to the ALJ that the record was complete. (T at 43-44). The ALJ reasonably relied on this representation.

In addition, and in the alternative, the record is robust, containing hundreds of pages of treatment records and imaging studies, two consultative examinations, and other administrative findings.

Regarding Plaintiff's mouth cancer, Plaintiff received this diagnosis in May of 2022, only one month before the end of the period at issue. (T at 61-62). Plaintiff was asked about the diagnosis and reported that he is eating very soft foods and had experienced some weight loss, but did not disclose any work-related limitations. (T at 61-62).

With respect to medication side effects, the record already includes documentation evidencing that Plaintiff reported limited to no side effects from his seizure and pain medication. (T at 520, 831, 837, 840).

Regarding Plaintiff's vision, Plaintiff points to no evidence of a medically determinable, severe visual impairment and no medical opinion evidencing any work-related vision impairment.

The ALJ's "obligation to assemble the claimant's medical records, although robust, 'is not unlimited.'" *Clarke v. Comm'r of Soc. Sec.*, No. 19-CV-7213 (BCM), 2021 WL 2481909, at *13 (S.D.N.Y. June 16, 2021)(quoting *Myers ex rel. C.N. v. Astrue*, 993 F. Supp. 2d 156, 163 (N.D.N.Y. 2012)).

"[A]n ALJ is not required to attempt to obtain additional evidence to fill *any* gap in the medical evidence; rather an ALJ is required to do so only where the facts of the particular case suggest that further development is necessary to evaluate the claimant's condition fairly." *Francisco v. Comm'r of Soc. Sec.*, No. 13CV1486 TPG DF, 2015 WL 5316353, at *11 (S.D.N.Y. Sept. 11, 2015)(emphasis in original); *see also Sampson v. Saul*, No. 19CIV6270PAESN, 2020 WL 6130568, at *6 (S.D.N.Y. Oct. 16, 2020).

Moreover, a claimant "cannot simply identify arguable gaps in the administrative record and claim that these gaps are a *per se* basis for remand." *Dutcher v. Astrue*, 2011 WL 1097860, at *5 (N.D.N.Y. Mar. 7, 2011) ("Plaintiff); *see also Curley v. Comm'r of Soc. Sec. Admin.*, 808 F. App'x 41, 44 (2d Cir. 2020)("[A]though he asserts that these records are critical, Curley did not provide them to the district court and does not describe their contents."); *Morris v. Berryhill*, 721 F. App'x 25, 27-28 (2d Cir. 2018).

For these reasons the Court finds that the ALJ satisfied his duty to develop the record.

### C.    Step Five Determination

At step five of the sequential analysis, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy.  The Commissioner bears the burden of proof at this step. *See Butts*, 416 F.3d at 103; 20 C.F.R. § 404.1560(c)(2).

The ALJ concluded that Plaintiff could not perform his past relevant work as a machine operator or lumbar handler. (T at 24).

However, at step five of the sequential analysis, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 25).

In reaching this conclusion, the ALJ relied on the testimony of a vocational expert, who testified that a claimant with Plaintiff's RFC could perform three representative occupations (marker, cleaner, and order caller) that exist in significant numbers in the national economy. (T at 25-26, 71-75).

Plaintiff argues that the ALJ erred by relying on the vocational expert's testimony, as that testimony was based on the *Dictionary of*

*Occupational Titles* ("DOT"), which has not been updated since 1991 and is therefore outdated and unreliable.[5]

This argument has been consistently rejected by courts in this Circuit. *See Strong v. Berryhill*, No. 17-CV-1286F, 2019 WL 2442147, at *6 (W.D.N.Y. June 12, 2019)(collecting cases)*; Johnson v. Saul*, No. 3:19-cv-01222, 2020 WL 6562402, at *11 (D. Conn. Nov. 9, 2020) ("[I]t is well settled that the DOT, despite not having been updated in more than 25 years, remains an accepted basis for vocational opinion according to the Commissioner's rules."); *Harrison v. Comm'r of Soc. Sec.*, No. 20-CV-5282 (BCM), 2022 WL 1289357, at *11 (S.D.N.Y. Apr. 29, 2022).

Plaintiff also argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all his limitations. This argument is a restatement of Plaintiff's other challenges to the ALJ's decision and is unavailing for the reasons outlined above. *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

---

[5] The Social Security Administration has taken administrative notice of DOT, which was published by the Department of Labor and provides detailed descriptions of the requirements for a variety of jobs. *See* 20 CFR § 416.966 (d)(1).

This aspect of the ALJ's decision is thus likewise supported by substantial evidence. *See Green v. Saul*, No. 18CV02857JGKKHP, 2019 WL 2996502, at *10 (S.D.N.Y. June 19, 2019), *report and recommendation adopted sub nom. Green v. Berryhill*, No. 18CV2857 (JGK), 2019 WL 2992088 (S.D.N.Y. July 9, 2019)("An ALJ may rely on a VE's testimony to meet that burden so long as the testimony is based on an RFC assessment supported by substantial evidence.")(citing *Calabrese v. Astrue*, 358 F. App'x 274, 276–77 (2d Cir. 2009); *Hill v. Berryhill*, No. 1:17-CV-02090 (SDA), 2018 WL 4462362, at *11 (S.D.N.Y. Sept. 18, 2018)).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand, construed as a motion for judgment on the pleadings (Docket No. 18) is DENIED; the Commissioner is GRANTED judgment on the pleadings; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: November 4, 2024                    *s / Gary R. Jones*
                                           GARY R. JONES
                                           United States Magistrate Judge